IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RUFUS LEE KING, JR., ) | |
| ) | |
| Petitioner, ) | CIVIL ACTION NO.: CV214-046 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | (Case No.: CR210-4) |
| ) | |
| Respondent. ) | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Rufus King, Jr. ("King"), who is currently incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government filed a Response. The undersigned appointed counsel for King and conducted an evidentiary hearing on July 10, 2014, at which King and Ronald Harrison ("Harrison") testified. King filed a *pro se* Motion Requesting the Court to Consider a Categorical Inquiry, to which the Government responded. Based on the foregoing, it is my **RECOMMENDATION** that King's § 2255 motion be **DISMISSED**. King's *pro se* Motion is **DISMISSED** as moot.

## STATEMENT OF THE CASE

King was indicted in this District and charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). King and the Government entered into a plea agreement, which included a provision that King would be sentenced to a term of not more than fifteen (15) years' imprisonment. After King entered his guilty plea, the

United States Probation Office prepared a Pre-Sentence Investigation Report ("PSI"), which revealed that King had eleven (11) prior convictions for serious drug offenses and violent crimes. (Doc. No. 7, p. 2). King was sentenced to 15 years' imprisonment pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), on July 6, 2011. (CR210-4, Doc. No.72). Judgment was entered on July 8, 2011. (Id. at Doc. No. 73). King did not file a direct appeal. King filed a motion for extension of time to file a notice of appeal on August 29, 2011, which the Honorable Lisa Godbey Wood denied on September 7, 2011. (Id. at Doc. Nos. 76, 77).

King filed his section 2255 motion on April 1, 2014. He asserts that Harrison failed to file a notice of appeal on his behalf, even though he requested that Harrison do so. King also asserts that he does not have the requisite number of predicate offenses to have qualified for a 15-year sentence. King further asserts that he is entitled to use § 2255(f)(3) as the triggering event for statute of limitations purposes based on Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (June 20, 2013). King also cites to Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (June 17, 2013), as support for his motion.

Respondent contends that King's motion is untimely. In the alternative, Respondent asserts that King's ACCA claims are procedurally barred and are without merit. Respondent also asserts that Alleyne does not apply to King's motion.

## DISCUSSION AND CITATION TO AUTHORITY

Motions made pursuant to 28 U.S.C. § 2255 are subject to a statute of limitations period. This limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

2

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

King was sentenced on July 6, 2011, and judgment was entered on July 8, 2011. (CR210-4, Doc. Nos. 72, 73). Movant had fourteen (14) days, or until July 22, 2011, to file a notice of appeal. FED. R. APP. P. 4(b)(1)(A)(i); FED. R. APP. P. 26(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting that, when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Movant was informed of this time period by Judge Wood during sentencing:

> You are advised, Mr. King, that you do have the right to appeal this sentence within fourteen days of today's date. Failure to appeal within the fourteen-day period shall act as a waiver of your right to appeal. The Government may, likewise, file an appeal from this sentence.
>
> You are also advised that you are entitled to the assistance of counsel in making such an appeal. If you are unable to afford a lawyer, then one will be provided for you.
>
> If you so request, the Clerk of Court will enter a notice of appeal on your behalf.

(CR210-4, Doc. No. 89, p. 39). Movant did not file an appeal (as previously discussed). Thus, he had until July 22, 2012, to file a timely § 2255 motion. 28 U.S.C. § 2255(f)(1).

AO 72A
(Rev. 8/82)

Movant did not execute his § 2255 motion until April 1, 2014, and it is untimely under § 2255(f)(1).

The undersigned turns now to whether Alleyne and/or Descamps provide King with a different statute of limitations' triggering event under section 2255(f)(3). In Alleyne, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury." ___ U.S. at ___, 133 S. Ct. at 2163. However, the rule announced in Alleyne does not apply retroactively on collateral review. Chester v. Warden, 552 F. App'x 887, 891 (11th Cir. 2014) ("Alleyne's rule does not apply retroactively on collateral review."); Starks v. Warden, FCC Coleman–USP I, 552 F. App'x 869, 872 (11th Cir. 2013) (same). Thus, Alleyne is not applicable to King's collateral motion, and the decision fails to provide a basis for King's claim that the facts of his prior convictions should have been submitted to a jury before Judge Wood determined he qualified for a § 924(e) enhancement during sentencing.[1]

In Descamps, the Supreme Court held that sentencing courts may not apply the modified categorical approach to determine if a conviction is a "violent felony" under the ACCA when the crime of conviction has a "single, indivisible set of elements." ___ U.S. at ___, 133 S. Ct. at 2281–82. "The Supreme Court itself has not expressly declared Descamps to be retroactive to cases on collateral review. Moreover, Descamps was

---

[1] Even if Alleyne applied retroactively to cases on collateral review, it does not appear that King would be entitled to use Alleyne. King "chose not to proceed to trial before a jury and, instead, entered a counseled plea of guilty." Fredriksen v. United States, CIV.A. 13-00378-KD, 2013 WL 4776314, at *2 n.4 (S.D. Ala. Sept. 5, 2013) (citing United States v. Wimberly, ___ F. App'x ___, 2013 WL 3214988, at *1 (6th Cir. June 26, 2013) (per curiam) ("[T]he holding of Alleyne is irrelevant to this case because Wimberly entered a guilty plea and specifically admitted discharging a firearm during the credit-union robbery, the fact used to support his mandatory minimum sentence." (record citation omitted)); Banks v. United States, No. 1:13CV93 RWS, 2013 WL 3338500, at *1 n. 1 (E.D.Mo. July 2, 2013) ("[E]ven if movant's motion [, construed as a successive § 2255 petition,] was properly before this Court, his argument under Alleyne would still be irrelevant. Movant entered a guilty plea and specifically entered into a plea agreement with the Government. . . . Accordingly, it was Banks' own agreement that resulted in his sentence of 180 months' in this case. And Alleyne cannot be said to be applicable to his situation even if it were available to him in these proceedings." (citation omitted)).

4

decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review." Wilson v. Warden, FCC Coleman, No. 13-11560, 2014 WL 4345685, at *3 (11th Cir. Sept. 3, 2014), citing In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005)(holding that United States v. Booker, 543 U.S. 220 (2005), was not retroactively applicable in part because the Supreme Court had decided it on direct appeal[ ] and had not applied it to a case on collateral review).

In determining whether a new rule announced by the United States Supreme Court is retroactively applicable for purposes of a first § 2255 motion or a subsequent § 2241 petition brought under § 2255(e), the Eleventh Circuit distinguishes substantive rules from procedural rules. New substantive rules "generally apply retroactively on collateral review." Bryant, 738 F.3d 1253, 1277 (11th Cir. 2013) (citing Schriro v. Summerlin, 542 U.S. 348, 351–52 (2004)). New rules are substantive if they "narrow the scope of a criminal statute by interpreting its terms" or amount to "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Id.

In contrast, procedural rules are only retroactive if they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (also noting that this class of rules is "extremely narrow"). A new rule is procedural if it "regulates only the manner of determining the defendant's culpability," and such rules "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. (quotations omitted).

AO 72A
(Rev. 8/82)

The Eleventh Circuit determined in Bryant that Begay v. United States, 553 U.S. 137 (2008), had introduced a retroactively applicable substantive rule, because the Supreme Court had interpreted the term "violent felony" in such a way that narrowed the scope of its application in sentencing under the ACCA. Bryant, 738 F.3d at 1277. However, the rule in Descamps is procedural rather than substantive. The Supreme Court held in Descamps that, in determining whether a conviction under a state criminal statute could count as an ACCA predicate offense, a court could not apply a "modified categorical approach" to the elements of the state statute if that statute included "non-divisible" elements that made it broader than the generic crime enumerated in the ACCA. ___ U.S. at ___, 133 S. Ct. at 2283. This rule dictates the "manner of determining culpability" under the ACCA and does not "narrow the scope of a criminal statute by interpreting its terms." Bryant, 738 F.3d at 1277 (quoting Schriro, 542 U.S. at 351–52). As such, it is a procedural rule. The Supreme Court did not indicate that the new rule in Descamps was a "watershed rule for criminal procedure," and this Court has not found any other decisions concluding that it is. Furthermore, King (who bears the burden of establishing retroactivity) has not presented any cases finding the rule in Descamps to be retroactively applicable as a substantive rule or as a new "watershed" procedural rule. Thus, as several other district courts have held, the rule announced in Descamps is not retroactive on collateral review. United States v. Upshaw, Nos. 4:02cr3, 4:14cv278, 2014 WL 3385118, at *2 (N.D. Fla. July 9, 2014) (the Supreme Court has not declared Descamps to be retroactively applicable to cases on collateral review); Williams v. Ziegler, 5:12-cv-00398, 2014 WL 201713, at *2 n.3 (S.D. W.Va. Jan. 17, 2014) (case law indicates that Descamps is not retroactively applicable to

AO 72A
(Rev. 8/82)

cases on collateral review) (citing United States v. Sanders, 4:03-CR-154, 2013 WL 5707808, at *2 n.25)(N.D. Ohio)(Oct. 18, 2013), and Landry v. United States, A-13-CV-715 LY, 2013 WL 5555122, at *2 (W.D. Tex.) (Oct. 4, 2013)); United States v. Copeland, 08-CR-0137, 2014 WL 63933, at *2 (N.D. Okla.) (Jan. 8, 2014) (Supreme Court did not make Descamps retroactively applicable to cases on collateral review); Newton v. Pearce, No. A-13-CA-943 SS, 2013 WL 6230622, at *3 (W.D. Tex.) (Dec. 2, 2013) (Supreme Court has not made decision in Descamps retroactively applicable to cases on collateral review, and the court was unable to find any lower courts applying this decision retroactively to cases on collateral review); Roscoe v. United States, 2:11-CR-37-JHH-RRA, 2:13-CV-8006-JHH, 2013 WL 5636686, at *11 (N.D. Ala.)(Oct. 16, 2013) (Supreme Court has not declared Descamps retroactively applicable to cases on collateral review); and Reed v. United States, 8:13-cv-2401-T-24-TGW, 2013 WL 5567703, at *3 (M.D. Fla.) (Oct. 9, 2013) (Descamps not declared to be retroactively applicable to permit a successive § 2255 motion). Accordingly, Descamps does not apply retroactively to King's collateral motion, and he is not entitled to its use to apply § 2255(f)(3) as a triggering event for statute of limitations purposes. King's motion is untimely under § 2255(f)(3).

Though King does not claim to be entitled to use § 2255(f)(4) as a triggering event for statute of limitations purposes, the undersigned feels it is important to address any putative assertion in this regard. King filed a motion for extension of time to file a direct appeal on August 29, 2011, which is dated August 24, 2011. (CR210-4, Doc. No. 75). King asserted that he asked Harrison to file a notice of appeal on July 6, 2011, yet Harrison failed to do so. King also asserted that he had been in transit since July 7,

7

2011, and had not had an opportunity to file a notice of appeal as a result. (Id. at pp. 1–2). Judge Wood denied King's motion by Order dated September 7, 2011. (Id. at Doc. No. 77). The latest possible date King could have known that he did not have a pending direct appeal and would not be able to file an out-of-time notice of appeal was on or around September 7, 2011, the date Judge Wood denied his motion for extension of time. King also knew at that time all of the grounds he sets forth in his section 2255 motion. However, King did absolutely nothing to preserve his rights and did not file a § 2255 motion within one (1) year of learning that he could not file an out-of-time notice of appeal. King's motion is untimely pursuant to § 2255(f)(4).

It must be determined whether King is entitled to equitable tolling. A prisoner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2255 motion. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a prisoner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008). "'[T]he burden of establishing eligibility for'" this extraordinary remedy "'squarely'" rests with the prisoner. Foley v. United States, 420 F. App'x 941, 942 (11th Cir. 2011) (quoting Outler v. United States, 485 F.3d 1273, 1281 (11th Cir. 2007)). King fails to establish that he was pursuing his collateral rights diligently. In addition, King also fails to establish that an extraordinary circumstance prevented him from filing a § 2255 motion prior to April 1, 2014. King, as noted above, was aware that his appellate rights were foreclosed in September 2011 at the latest, and he did nothing until December 2, 2013, when he

requested a copy of the docket sheet in his criminal case. (CR210-4, Doc. No. 82). King did not file his § 2255 motion until four (4) months later. King is not entitled to equitable tolling of the applicable statute of limitations.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that King's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**, with prejudice, as untimely filed.

**SO ORDERED and REPORTED** and **RECOMMENDED**, this 9th day of October, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)